IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ELIZABETH MAST,<br>　　　　Plaintiff<br><br>v.<br><br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br>　　　　Defendant | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO.<br>§   5:18-cv-1049<br>§<br>§<br>§<br>§ |

## Plaintiff's Original Complaint

Liberty Life Assurance Company of Boston wrongfully denied long-term disability benefits to Elizabeth Mast.

### I. Parties

1. Plaintiff Elizabeth Mast is a resident of San Antonio, Bexar County, Texas.

2. Defendant Liberty is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### II. Jurisdiction and Venue

3. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has

jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. 1132(e)(2) as the disability benefit payment obligations under the plan are to Mast at her home in San Antonio, Texas.

### III.   STATEMENT OF FACTS

4.      Elizabeth Mast worked as a Senior Clinical Monitoring Associate (CMA) for PAREXEL International. She worked within PAREXEL's global research operations department. PAREXEL is a global provider of biopharmaceutical services, performing clinical trials on behalf of its pharmaceutical clients. Mast's job responsibilities were demanding and complex, requiring her to understand the clinical trial process and manage teams of site personnel in that process for clinical trials occurring simultaneously in different, sometimes remote, locations. Mast's job responsibilities required knowledge of how study drugs being tested work, potential adverse side effects, the safety and efficacy of the study drugs on humans, clinical report writing, remote management of research sites, reviewing and reconciling data for accuracy and completeness, and ensuring compliance with protocols, safety guidelines and FDA rules and regulations. This work affected safety of human subjects, accuracy of study data, the bottom line of company funding and its ability to attract new clients and continue to operate.

5. Mast suffered from a constellation of conditions that caused her to be unable to work after December 5, 2016. These conditions included moderate to severe plaque psoriasis, moderate to severe psoriatic arthritis, moderate to severe peripheral neuropathy, Monoclonal Gammopathy of Undetermined Significance (MGUS), obstructive sleep apnea, moderate to severe depression, moderate to severe cognitive dysfunction, including difficulties with memory, concentration, and executive functioning, (possibly due to a presumed TIA in September 2015), and endometrial uterine cancer (May 2016). These diagnoses increased depressive episodes and adversely impacted her cognitive functioning.

6. By virtue of her employment with PAREXEL, Mast had short-term disability (STD) and long-term disability (LTD) coverage. The LTD coverage is an employer-sponsored group benefit plan administered and underwritten by Liberty.

7. Mast's first day of absence due to disability was December 5, 2016. Due to her symptoms from major depression, plaque psoriasis, psoriatic arthritis, polyneuropathy, and cognitive dysfunction, including problems with memory, concentration, and executive function confirmed by an abnormal neuropsychiatric examination, Mast was promptly approved for STD benefits, which were paid for the maximum period of 90 days from December 5, 2016 until March 5, 2017. Under the benefit plan, if a claimant is unable to return to work after STD benefits have expired, the claimant transitions to LTD benefits.

8. Although she remained unable to work after March 5, 2017, as she could not perform the difficult and complex tasks that her job required, Liberty determined that Mast was not entitled to LTD benefits that would have commenced on March 6, 2017. Liberty sent Mast a letter dated May 23, 2017, notifying her that her claim for LTD benefits was denied.

9. Mast timely appealed Liberty's denial. With her appeal she pointed out the inaccuracies in Liberty's decision-making process and Liberty's failure to afford proper weight to the opinions of Mast's treating physicians.

10. Despite the medical evidence of her continued disability, Liberty denied her appeal by letter dated January 5, 2018, indicating that she was capable of returning to full-time work as a Senior Clinical Monitoring Associate as of March 6, 2017.

11. Mast advised Liberty that she was approved for Social Security Disability Income (SSDI) on January 21, 2018, and that the Social Security Administration (SSA) considered Mast disabled beginning December 5, 2016, the first day that she was absent from PAREXEL due to her disability. She was awarded benefits without a hearing. Social Security disability benefits are limited to those individuals who the SSA finds to be disabled from any occupation, a much higher bar than the "own occupation" standard in the Liberty policy. Excluding Liberty's paid consultants, who only provided file reviews, the Social Security decision was based upon the same medical evidence that Liberty

reviewed before denying Mast LTD benefits.  Mast's base Social Security benefit is $2,114 per month.

12.  Despite this additional evidence of disability that should have been afforded significant weight, Liberty refused to reconsider Mast's claim.

**Exhaustion of Appeal Requirements**

13.  Mast exhausted her appeal rights as required by the policy and ERISA claims regulations.

**Liberty's Decision Was Contrary to a Preponderance of the Evidence, or, in the Alternative, Was an Abuse of Discretion**

14. If the standard of review of Liberty's decision is determined to be de novo, the default standard of review for ERISA benefit denials, then Liberty's decision to deny Mast LTD benefits was contrary to the preponderance of the evidence.  If Liberty is found to have been granted proper discretionary authority by the plan that allows for an abuse of discretion standard of review, Liberty's decision to deny Mast LTD benefits was an abuse of that discretion.

15.  In the alternative, even if there is language in the policy or plan-related documents that is interpreted to grant Liberty discretion, such discretionary language is unenforceable as to Mast's claim because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas.  Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203.  This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

16. Mast's LTD benefits should have commenced on March 6, 2017. The LTD plan entitles her to 60% of her pre-disability pay less applicable offsets. Social Security disability benefits are an applicable offset. Mast earned approximately $8056.38 per month prior to her disability. Her gross LTD benefit is $4833.83 per month ($8056.38 x .6). Her base Social Security disability benefit was $2073.40 per month (cost of living increases awarded by the Social Security Administration are not an offset). As a result, her net monthly LTD benefit from Liberty after offset is $2760.43.

17. Since Liberty's decision to deny Mast LTD benefits resulted in Liberty saving money, as the carrier was both the decision-maker and the underwriter of benefits, Liberty acted under a conflict of interest when it decided Mast's claim and her appeal. If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether or not Liberty abused its discretion.

## IV.  CAUSE OF ACTION UNDER ERISA

### Claim for Disability Benefits

18. Since Liberty wrongfully terminated her LTD benefits that were to begin on March 6, 2017 Mast seeks to recover her disability benefits from March 6, 2017 to the present under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.

## V.  RELIEF REQUESTED

19. Mast is entitled to LTD benefits in the amount of $2760.43 per month beginning March 6, 2017. As of November 6, 2018, Mast is entitled to the sum

of $55,208.60 in back benefits ($2760.43 x 20 months).  Mast requests these back benefits as well as additional monthly benefits that accrue after November 6, 2018 but during the pendency of this litigation at the rate of $2760.43 per month.

## VI.  ATTORNEY'S FEES

20.  Mast requests her attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, Mast requests back benefits in the amount of $55,208.60 plus monthly disability benefits that accrue after November 6, 2018 but while this case is pending at the rate of $2760.43 per month.  She also requests her attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By:   */s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Elizabeth Mast**