**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ELIZABETH MAST,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:18-cv-01049** |
| **LIBERTY LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this, Original Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Elizabeth Mast ("Plaintiff"), and states as follows:

Liberty Life admits that Plaintiff was, at certain times, a participant in the PAREXEL International Corporation Long Term Disability Plan (the "LTD Plan"). Liberty Life further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Group Disability Income Policy No. GF3-810-261373-01 (the "Policy") issued by Liberty Life to PAREXEL International Corporation ("PAREXEL"). Liberty Life denies all remaining allegations contained in introductory Paragraph of the Complaint.

## I. PARTIES

1. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits the allegations contained in Paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. Liberty Life admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Liberty Life admits that venue is proper in this District and Division. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

## III. STATEMENT OF FACTS

4. Liberty Life admits Plaintiff was, at certain times, employed by PAREXEL as a Senior Clinical Monitoring Associate. Liberty Life admits that certain documents concerning Plaintiff's job description at PAREXEL are contained in the administrative record reviewed by Liberty Life upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy were determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life admits that Plaintiff's last day of work at PAREXEL was December 2, 2016. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits that Plaintiff was, at certain times, employed by PAREXEL and a participant in the PAREXEL International Corporation Short Term Disability Plan (the "STD Plan") and the LTD Plan sponsored by PAREXEL. Liberty Life admits that benefits from the LTD Plan were, at certain times, insured by the Policy issued by Liberty Life to PAREXEL. Liberty Life further admits that, at certain times, it was the claims administrator of claims for

benefits from the LTD Plan under the Policy. Liberty Life specifically denies that it was the Plan Administrator of the LTD Plan, and Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits that Plaintiff's last day of work at PAREXEL was December 2, 2016. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life admits that Plaintiff received, at certain times, benefits from the STD Plan. To the extent that the allegations contained in Paragraph 6 seek to interpret the provisions of the STD Plan and the LTD Plan, Liberty Life refers to the Policy and the documents governing the STD Plan as the best evidence of their contents. Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits it sent a letter dated May 23, 2017, to Plaintiff, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits it received a letter dated November 15, 2017, from an attorney who represented Plaintiff, along with additional documentation, appealing the denial of Plaintiff's claim for benefits from the LTD Plan, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits it sent a letter to Plaintiff's counsel dated February 5, 2018, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan but Liberty Life refers to the claim file itself as the best evidence of its contents. Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy issued by Liberty Life to PAREXEL. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life denies the allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits the relevant plan documents contain sufficient discretionary language to invoke the abuse of discretion standard of review. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent that the allegations contained in Paragraph 16 seek to interpret the provisions of the Policy, Liberty Life refers to the documents governing the Policy as the best

evidence of their contents. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life admits that benefits from the LTD Plan were, at certain times, insured by the Policy issued by Liberty Life to PAREXEL. Liberty Life further admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

## IV. CAUSES OF ACTION UNDER ERISA

18. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, which is an employee benefit plan as defined by ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

## V. RELIEF REQUESTED

19. To the extent that the allegations contained in Paragraph 19 seek to interpret the provisions of the Policy, Liberty Life refers to the documents governing the Policy as the best evidence of their contents. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

## VI. ATTORNEY'S FEES

20. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with recovery of attorneys' fees and costs, but Liberty Life denies

Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

Liberty Life denies all allegations contained in the Prayer of the Complaint, and denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke this standard of review.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Liberty Life reserves the right to assert additional defenses.

## PRAYER

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated: December 10, 2018.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

**BY:** /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
Email: iwana@rademaekerslaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Jeffrey E. Dahl, Esq.
Email: jdahl@erisaattorneyintexas.com

December 10, 2018 /s/ Iwana Rademaekers
Date Iwana Rademaekers